IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICARDO ROWLAND,                )
                                )
            Plaintiff,           )
    v.                           )
                                )
MID-AMERICA APARTMENTS, LP       )        1:18CV43
d/b/a COLONIAL GRAND AT          )
RESEARCH PARK,                   )
                                )
            Defendant.           )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion for Judgment on the Pleadings by Defendant Mid-America Apartments, LP ("MAALP")[1], [Doc. #20], and a Motion for Partial Judgment on the Pleadings by Plaintiff Ricardo Rowland, [Doc. #22]. For the reasons explained below, each motion is denied.

I.

At its heart, this dispute is one between a tenant and his landlord. Rowland began leasing an apartment at Colonial Grand at Research Park ("Colonial") in Durham, North Carolina in August 2015. (Compl. [Doc. #7] & Answer [Doc. #16] ¶ 55.) MAALP owns and operates Colonial, among other apartment complexes.

---

[1] On May 15, 2018, Rowland and MAALP stipulated that Defendant Colonial Realty LP merged with MAALP such that MAALP is now legally responsible for all of its debts and liability, including any arising from Rowland's Complaint, and that Defendant Mid-America Apartments, Inc. either does not exist or has no affiliation with MAALP or the apartment complex where Rowland resided. (Stipulation ¶¶ 1, 2 [Doc. #27].) Accordingly, the parties stipulated to the dismissal without prejudice of Colonial Realty LP and Mid-America Apartments, Inc. (Id. ¶ 4.)

(Id. ¶ 15.)  In October 2016, Rowland continued his residency at Colonial by executing an Apartment Lease Contract ("Lease").  Pursuant to the terms of the Lease, Rowland was to pay his $1,240.00 rent on or before the first day of each month. (Lease ¶ 6, Ex. D to Compl. [Doc. #7-4].)  If he failed to pay the rent on or before the fifth day of the month, he would also be responsible for paying a late charge of the greater of 5% of his rent or $15.00. (Id.)  The Lease warns, "If you don't pay rent on time, you'll be delinquent and all remedies under this Lease Contract will be authorized.  We'll also have all other remedies for such violation." (Id.; see also id. ¶ 31 (describing default to include failure to "pay rent or other amounts that you owe when due").)

Among those remedies is "immediate[] entitle[ment] to possession of the premises" and "peaceful[] surrender [of] possession of the premises . . . immediately upon . . . demand." (Id. ¶ 12.)  If Rowland failed to surrender possession, MAALP would "re-enter and re-take possession through a summary ejectment proceeding . . . as provided by North Carolina law." (Id.)  In addition, included among "Other Remedies" for a resident's default, the Lease states that MAALP "may recover from you attorney's fees and all litigation costs to the extent permitted by law." (Id. ¶ 31 § "Other Remedies").  Further, "[i]n the event we file a summary ejectment lawsuit against you, we may also recover from you the highest one of the following fees (which shall be in addition to late fees, attorney's fees, and any applicable court costs): (1) Complaint Filing Fee . . . [,] (2) Court Appearance Fee . . . [,] (3) Second Trial Fee." (Id.)

2

If MAALP were to file and serve a summary ejectment complaint against Rowland, but then dismiss the complaint after he cured the default, Rowland would owe the Complaint Filing Fee equal to the greater of $15.00 or 5% of his monthly rent. (Id.)  If MAALP were to file, serve, and successfully pursue summary ejectment, judgment were entered against Rowland, and he failed to appeal, Rowland would instead owe MAALP a Court Appearance Fee equal to 10% of the monthly rent. (Id.)  Finally, if Rowland did appeal but judgment were entered against him after a new trial, he would owe MAALP a Second Trial Fee equal to 12% of the monthly rent. (Id.)

Early in his tenancy at Colonial, Rowland began making late rental payments. (See Resident Ledger (showing a late charge assessed on Oct. 6, 2015, Jan. 6, 2016, Apr. 6, 2016, May 6, 2016, June 6, 2016, July 6, 2016, Aug. 6, 2016), Ex. E to Compl. [Doc. #7-5].)  His delinquency continued into the period of the Lease. (See id. (reflecting a late charge assessed on Nov. 6, 2016, Dec. 6, 2016, Jan. 6, 2017, Feb. 6, 2017, Mar. 6, 2017, Aug. 6, 2017, Sept. 6, 2017).)

On five occasions since he began residing at Colonial, entries were made on his ledger reflecting court costs and attorney/legal fees when Rowland's rent was still owing after the late charge was assessed. (See id. (showing entries for "Durham County Court Costs", "Durham County Court Cost + Court Cost", "Attorney/Legal Fees", and/or "Court Filing Fee" on Oct. 21, 2015, Nov. 14, 2016, Dec. 9, 2016, Feb. 10, 2017, Sept. 13, 2017).)  Two of those five occasions are at issue here – December 9, 2016 and September 13, 2017.

3

On December 6, 2016, the assistant property manager of Colonial emailed Rowland about "Late December Rent", notified him that "Rent not received by 4pm Friday, December 9, 2016, will be filed on for eviction and additional fees will apply", and identified the "Total Amount Due as of December 6, 2016" as $1,438.87. (Email from Dafney Jones to Rowland (Dec. 6, 2016), Ex. A to Compl. [Doc. #7-1].) That total is the sum of remaining moneys owed from the previous month, December's rent of $1,240.00, and the late charge. (See Resident Ledger.) The Resident Ledger reflects no payment having been made on or before December 9, and, instead, notes entries on December 9 for "Durham County Court Costs" of $156.00 and "Attorney/Legal Fees" of $65.00, (id.), even though no hearing had been held regarding summary ejectment and no attorney had appeared in court, (Compl. & Answer ¶ 69).

On December 12, a complaint in summary ejectment was filed against Rowland alleging that he breached his Lease by failing to pay his rent when due in full. (Summ. Ejectment Compl., Ex. F to Compl. [Doc. #7-6].) Colonial[2] sought only possession of the premises and reserved its right to seek monetary damages in a separate civil action. (Id.) On December 22, judgment was entered in favor of Colonial, and Rowland was ordered removed from the premises. (J. in Action for Summ. Ejectment, Ex. G to Compl. [Doc. #7-7].) There is no allegation that Rowland actually left the premises. Instead, the Resident Ledger reflects that the

---

[2] The Complaint identifies the plaintiff as "Colonial Realty LP (Research Park) dba Colonial Grand at Research Park".

4

following day, a payment was made in the amount of $1,659.87, which included the previously noted amount due of $1,438.87 plus the "Durham County Court Costs" and "Attorney/Legal Fees", to bring the amount owing to $0.00. (See Resident Ledger.)

Months later, on September 6, 2017, the assistant property manager at Colonial emailed Rowland once again about his failure to pay rent timely. (Email from Tatiana M. Moore to Rowland (Sept. 6, 2017), Ex. B to Compl. [Doc. #7-2].) In the email, entitled "Colonial Grand September Late Note: Evictions Will Be Filed on Monday 9/11/2017 @ 12PM", Rowland was informed that, as of that date, he was in default of the Lease and was provided an itemization of his $1,479.01 balance. (Id.) He was also warned that if his payment was not received by 9:00 a.m. on September 9, "we will file legal proceedings to obtain possession of the apartment" and "you will be charged an additional administration fee in accordance with your lease . . . in addition to court costs and filing fees that we will incur to pursue the lawsuit." (Id.)

The assistant property manager again emailed Rowland on September 8, 2017 emphasizing "Action Required: Evictions will be filed 9/11/2017 @ 12 PM NO Exceptions". (Email from Moore to Rowland (Sept. 8, 2017), Ex. H to Compl. [Doc. #7-8].) This email served as his "*2nd* and final notice" of past due rent, noted that "late charges have been posted on [his] account", and warned him that payment must be received by noon on September 9 "to avoid court proceedings." (Id.) The email then provided "Eviction Information" that included "Court

5

Costs/Attorney Fees" of "$201 for one leaseholder". (Id.)  Under a section entitled "Additional Fees Added" was information explaining that an additional 5% of monthly rent would be "added to your account[] (on top of all the previous fees)" once a court date is issued, an additional 5% of monthly rent would be "added to your account (on top of all the previous fees)" "[o]nce the court dates [sic] happens", and "more fees" would be added "as the process moves forward". (Id.)  The following day, on September 9, a nearly identical email was sent to Rowland as his "*3rd* and final notice" of past due rent. (Email from Moore to Rowland (Sept. 9, 2017), Ex. I to Comp. [Doc. #7-9].)

No payment is reflected on the Resident Ledger.  However, on September 13, 2017, entries were made for "Durham County Court Cost + Court Cost" of $201.00 and "Court Filing Fee" of $62.00. (Resident Ledger.)  The following day, a Complaint in Summary Ejectment was filed against Rowland alleging that he breached his lease when he failed to pay his rent in full. (Summ. Ejectment Compl., Ex. J to Compl. [Doc. #7-10].)  As it did in December 2016, Colonial[3] sought only possession of the premises and reserved its right to seek monetary damages in a separate civil action. (Id.)  Before judgment was entered on the summary ejectment complaint, though, payment was made on September 25 for the full amount owing of $1,742.01, which included the monthly rent, late charge, "Durham County Court Cost + Court Cost" and "Court Filing Fee". (Resident Ledger.)  Several days

---

[3] The Complaint identifies the plaintiff as "Mid America Apartments LP d/b/a Colonial Grand at Research Park".

6

later, on September 28, MAALP voluntarily dismissed its action against Rowland without prejudice. (Voluntary Dismissal, Ex. K to Compl. [Doc. #7-11].)

II.

Rowland, on behalf of himself and a proposed class, alleges that MAALP[4] violated (1) North Carolina's Residential Rental Agreements Act ("RRAA"), N.C. Gen. Stat. § 42-46, by charging him Court Costs and Attorneys Fees not permitted under the statute, (2) the North Carolina Debt Collections Act ("NCDCA"), N.C. Gen. Stat. § 75-50, et seq., when it collected and attempted to collect the costs and fees not permitted in N.C. Gen. Stat. § 42-46, and (3) North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, et seq., when it collected and attempted to collect the allegedly unlawful costs and fees. (See generally Compl.) MAALP moved for judgment on the pleadings as to each claim, (see generally Defs.' Mem. of Law in Supp. of Mot. for J. on the Pleadings ("Defs.' Mem. in Supp.") [Doc. #21]), while Rowland moved for partial judgment on the pleadings as to his claims that MAALP violated the RRAA and the NCDCA, (see generally Mem. in Supp. of Pl.'s Partial Mot. for J. on the Pleadings ("Pl.'s Mem. in Supp.") [Doc. #23].)

A.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for

---

[4] See supra n.1.

7

judgment on the pleadings." A court considering a motion for judgment on the pleadings must "view the facts presented in the pleadings and inferences drawn therefrom in the light most favorable to the non-moving party." Atwater ex rel. Estate of Peterson v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005) (citing Edwards v. City of Goldsboro, 178 F. 3d 231, 248 (4th Cir. 1999)). Such a motion "'does not resolve the merits of the plaintiff's claims or any disputes of fact'", Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (quoting Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014)), and, therefore, should only be granted "when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court", 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. Sept. 2018 Update).

A motion pursuant to Rule 12(c) is analyzed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Rules of Civil Procedure. Massey, 759 F.3d at 347. Therefore, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015) (noting that a

8

complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in the sense that the complaint's factual allegations must allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). However, when a complaint states facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

When analyzing a Rule 12(c) motion, a court considers not only the complaint and documents explicitly incorporated by reference and attached as exhibits, but also the answer. See Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016); Massey, 759 F.3d at 347. "The factual allegations of the Answer are taken as true only where and to the extent they have not been denied or do not conflict with the complaint." Alexander v. City of Greensboro, No. 1:09-CV-293, 2011 WL 3360644, *2 (M.D.N.C. Aug. 3, 2011). Because a plaintiff is not required to respond to allegations in an answer and those allegations are deemed denied, a defendant cannot rely on allegations contained only in the answer to support its motion. Id.

B.

Both MAALP and Rowland ultimately believe their motions to be proper because only questions of law remain about whether or not the law permitted MAALP to assess various costs and fees against Rowland. At the time Rowland executed his Lease, the RRAA not only provided for the assessment of late fees,

9

see N.C. Gen. Stat. § 42-46(a)-(d) (2016), which Rowland does not dispute, but also specifically included three additional fees referred to as "eviction fees", see id. § 42-46(e)-(g), which are the focus of this dispute. "Pursuant to a written lease," a landlord could charge a complaint-filing fee not to exceed the greater of $15.00 or 5% of the monthly rent if the landlord filed a summary ejectment complaint after which the tenant cured the default and the landlord voluntarily dismissed the action. Id. § 42-46(e). If, on the other hand, the tenant did not cure the default in time and judgment were entered against him that was not later overturned, the landlord could charge him an amount equal to 10% of his monthly rent. Id. § 42-46(f). If a tenant appealed, but judgment were again entered in favor of the landlord at a new trial, the landlord could charge the tenant an amount not to exceed 12% of his monthly rent. Id. § 42-46(g). "It [was] contrary to public policy for a landlord to put in a lease or claim any fee for filing a complaint for summary ejectment . . . other than the ones expressly authorized by subsections (e) through (g) of this section, and a reasonable attorney's fee as allowed by law." Id. § 42-46(h)(3). "Any provision of a residential rental agreement contrary to the provisions of this section [was] . . . void and unenforceable." Id. § 42-46(h)(4).

C.

Rowland alleges that the "Durham County Court Costs", "Durham County Court Cost + Court Cost", "Attorney/Legal Fees", and "Court Filing Fee" charged to his account in December 2016 and September 2017 are not among the fees that the RRAA specifically permitted landlords to assess tenants against whom

10

summary ejectment was sought. In support of its motion for judgment on the pleadings, MAALP first contends that N.C. Gen. Stat. § 42-46 "only specifies *fees* that a landlord can charge, without mentioning costs of any kind." (Def.'s Mem. in Supp. at 5.) According to MAALP, the RRAA is "only intended to address service *fees* charged by landlords", not the out-of-pocket court costs that were placed on Rowland's ledger. (Id. at 7.) MAALP then distinguishes "fees" from "costs", citing Black's Law Dictionary, Friday v. United Dominion Realty Trust, Inc., 575 S.E.2d 532 (N.C. Ct. App. 2003), N.C. Gen. Stat. § 6-18 allowing costs in an action to recover real property, and other provisions of the RRAA such as N.C. Gen. Stat. § 42-33 which ceases an ejectment when a tenant pays the rent due and "the costs of the action" before judgment is entered. (Id. at 5-9.)

Rowland responds that N.C. Gen. Stat. § 42-46 is unambiguous and cites N.C. Gen. Stat. § 42-46(h)(3)'s public policy admonition and the court's order in Hargrove v. Grubb Management, Inc., No. 17-CVS-7995 (N.C. Super. Ct. Apr. 12, 2018) finding in favor of the tenant under facts similar to those in the instant case. (Pl.'s Resp. in Opp'n at 5-7 [Doc. #28].) He further argues that "court 'costs' are made up of 'fees'" and cites to N.C. Gen. Stat. § 7A-305 and State v. Webb, 591 S.E.2d 505 (N.C. 2004). (Id. at 8-9; see also id. at 10-11 (addressing MAALP's arguments as to N.C. Gen. Stat. § 42-33 and Friday).)

Next, MAALP argues that the RRAA expressly permitted landlords to recover attorney's fees, citing N.C. Gen. Stat. §§ 6-21.2 and 42-46(h)(3) and Coastal Production Credit Ass'n v. Goodson Farms, Inc., 319 S.E.2d 650 (N.C. Ct. App.

11

1984). (Defs.' Mem. in Supp. at 9-12.)  In response, Rowland contends that N.C. Gen. Stat. § 6-21.2 does not provide the necessary statutory basis under the facts of this case and MAALP never sought the award of attorney's fees from a court. (Pl.'s Mem. in Opp'n at 12-15.)

Despite the parties' substantive analysis of whether the law permitted MAALP to charge Rowland "costs" not identified in N.C. Gen. Stat. § 42-46 and attorney's fees, judgment on the pleadings cannot be awarded to MAALP because of a remaining question of fact seemingly overlooked by the parties.  As noted above, on December 9, 2016, entries were made on Rowland's ledger for "Durham County Court Costs" of $156.00 and "Attorney/Legal Fees" of $65.00.  Similarly, on September 13, 2017, entries were made for "Durham County Court Cost + Court Cost" of $201.00 and "Court Filing Fee" of $62.00.  Although Rowland and MAALP make allegations, arguments, and assumptions about those entries, neither the parties nor the exhibits consistently characterize the costs and fees and there is nothing in the factual record that actually explains the basis for and composition of each of those figures.

For example, in his Complaint, Rowland refers to "court costs, filing fees, sheriff service fees, and attorneys' fees" as the allegedly unlawful "Court Costs and Attorneys' Fees" assessed against him. (E.g., Compl. ¶¶ 34, 44, 45, 63, 67, 86.)  However, both parties cite N.C. Gen. Stat. § 7A-305(a) when explaining the costs of a summary ejectment action in small claims court − $12.00 for the use of a courtroom and related judicial facilities, $4.00 for telecommunications and data

12

connectivity, and $80.00 for the support of the General Court of Justice for a total of $96.00. (See Pl.'s Resp. in Opp'n at 8; Reply Br. in Supp. of Def.'s Mot. for J. on the Pleadings ("Def.'s Reply Br.") at 6 [Doc. #32].) MAALP also notes that the Durham County Sheriff charges landlords $30.00 to serve a tenant with a summary ejectment complaint, regardless of how it is served, (Def.'s Reply Br. at 7), and argues that it properly assessed all of these costs against Rowland. Yet, neither the "Durham County Court Costs" assessed against Rowland in December 2016 nor the "Durham County Court Cost + Court Cost" assessed against him in September 2017 equals the cost of a civil action as provided in § 7A-305, even including the cost of service. Although the reference to "Court Costs/Attorney Fees" of "$201" in the September 9 email from Colonial equals the amount charged Rowland on September 13 for "Durham County Court Cost + Court Cost", it is dissimilar in description and there is a separate unexplained "Court Filing Fee" charged that same day – which MAALP argues is not the Complaint-Filing Fee permitted under the Lease or N.C. Gen. Stat. § 42-46, (Def.'s Mem. in Supp. at 3), a conclusion that is not evident from the pleadings themselves.

In sum, it is not possible to determine as a matter of law, based on the pleadings, whether MAALP could lawfully assess the December 2016 and September 2017 costs and fees against Rowland. Whether or not the law permitted a landlord to charge a tenant against whom it sought summary ejectment any moneys other than those specified in N.C. Gen. Stat. § 42-46, it cannot be determined on the pleadings what the "Durham County Court Costs",

13

"Durham County Court Cost + Court Cost", and "Court Filing Fee" actually are nor, as a result, whether those particular amounts of money were lawfully assessed.

The same is true for the assessment of "Attorney/Legal Fees" of $65.00 in December 2016 and the $201.00 in September 2017 to the extent that total actually includes attorney's fees. Whether or not the law permitted MAALP to charge Rowland attorney's fees as it did, it cannot be determined as a matter of law from the pleadings the meaning of "Attorney/Legal Fees" or the numerical support for the $65.00 and the $201.00 charged to him.

Finally, MAALP argues that Rowland should be estopped from making his RRAA claim because he paid those sums to settle the dispute with MAALP. (Def.'s Mem. in Supp. at 12-13.) In so doing, according to MAALP, he waived his right to argue those amounts were not recoverable. (Id. at 13.) However, the pleadings themselves do not allege or admit a settlement or provide any information about the communications or understanding between Rowland and MAALP at the time payments were made on December 23, 2016 and September 13, 2017.

For all of these reasons, MAALP's motion for judgment on the pleadings as to Rowland's RRAA claim is denied.

D.

MAALP also moved for judgment on the pleadings as to Rowland's NCDCA and UDTPA claims, but they rely on the allegedly unlawful assessment of costs and attorney's fees described above. Because no determination as a matter of law

14

can be made as to the RRAA claim, no conclusions as a matter of law can be made as to these claims. Therefore, MAALP's motion for judgment on the pleadings as to the NCDCA and UDTPA claims is also denied.

E.

The same difficulty with the facts described above afflicts Rowland's motion for judgment on the pleadings. Rowland argues that only a court can award costs, which "are an enumerated set of fees", that filing fees are never recoverable even under N.C. Gen. Stat. § 7A-305(d), and that service fees cannot be awarded when service is achieved by posting, rather than pursuant to Rule 4 of the North Carolina Rules of Civil Procedure. (Mem. in Supp. of Pl.'s Partial Mot. for J. on the Pleadings at 12-14 ("Pl.'s Mem. in Supp.") [Doc. #23].) He further argues that there is no statutory authority even under N.C. Gen. Stat. § 6-21.2 for the assessment of attorney's fees under the facts of this case. (Id. at 14-17.)

In response, MAALP argues that it "never *charged* Rowland any fee that was not authorized by law" but, "[r]ather, on two occasions, Rowland agreed to settle eviction proceedings . . . by paying MAALP's costs, attorney's fees, and amounts due pursuant to his leasing agreement." (Br. in Opp'n to Pl.'s Partial Mot. for J. on the Pleadings at 7 [Doc. #30]; see also id. at 8-11.) As it did in support of its own motion, MAALP also contends that the *"eviction fees"* specified in N.C. Gen. Stat. § 42-46 are distinguishable from MAALP's incurred costs, which it is entitled to recover pursuant to N.C. Gen. Stat. § 7A-305(d) as a prevailing party in a civil action. (Id. at 11-20.)

15

However, as with MAALP's motion, despite the parties' substantive arguments on the lawfulness of costs and fees, material factual questions remain. Whether or not the law prohibited the assessment of any moneys other than those specifically identified in N.C. Gen. Stat. § 42-46, it cannot be determined as a matter of law from the pleadings what the "Durham County Court Costs", "Durham County Court Cost + Cost", "Attorney/Legal Fees", and "Court Filing Fee" actually are. In addition to the inconsistencies and lack of record explanation identified above, Rowland characterizes these costs and fees in his supporting brief by defining them as "Filing Fees", "Service Fees", and "Attorneys' Fees" and collectively referring to them as "Eviction Fees". (Pl.'s Mem. in Supp. at 2.) He frames the issue as "whether [MAALP's] Filing Fees and Service Fees are in addition to the fees listed in § 42-46(e)-(g)." (Id. at 11.) But these new characterizations make the same faulty assumptions as have been made earlier – that the costs and fees recorded on the ledger actually are the same as the parties variously characterize them. The record simply provides no support for this conclusion. For these reasons, Rowland's motion for judgment on the pleadings as to his RRAA claim is also denied.

F.

Rowland also moved for judgment on the pleadings as to his NCDCA claim. But, as noted above with respect to MAALP's similar motion, the same reasons precluding judgment on the pleadings in favor of Rowland on his RRAA claim foreclose judgment on the pleadings in his favor as to his NCDCA claim.

16

Therefore, Rowland's motion for judgment on the pleadings as to his NCDCA claim is denied.

G.

While this action has been pending, the RRAA was amended. Effective June 25, 2018, the statute has a new subsection, (i), entitled "Out-of-Pocket Expenses" that reads,

> In addition to the late fees referenced in subsections (a) and (b) of this section and the administrative fees of a landlord referenced in subsections (e) through (g) of this section, a landlord is also permitted to charge and recover from a tenant the following actual out-of-pocket expenses: (1) Filing fees charged by the court. (2) Costs for service of process pursuant to G.S. 1A-1, Rule 4 of the North Carolina Rules of Civil Procedure and G.S. 42-29. (3) Reasonable attorneys' fees actually incurred, pursuant to a written lease, not to exceed fifteen percent (15%) of the amount owed by the tenant . . . .

N.C. Gen. Stat. § 42-46(i) (2018). Understandably, the parties have reacted to this amendment differently. In further support of its motion, MAALP argues that the 2018 amendment "expressly clarifies that § 42-46 permits landlords to recover their out-of-pocket expenses." (Def.'s Reply Br. at 1; see also id. at 2 (contending that "the General Assembly recently clarified the legislative intent underpinning § 42-46 by amending it").) On the other hand, Rowland describes this amendment, not as a clarifying one, but as a substantive change that has only prospective effect as of June 25, 2018. (Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. for Partial J. on the Pleadings at 7-9 [Doc. #33].)

Whether or not the June 25, 2018 amendment to N.C. Gen. Stat. § 42-46 affects the analysis of the statute in effect during the term of the Lease, the same

17

factual questions surrounding assessments explained in detail above remain. Therefore, the June 25, 2018 amendment to N.C. Gen. Stat. § 42-46 does not change the determination that each party's motion for judgment on the pleadings must be denied.

III.

For the reasons explained herein, IT IS HEREBY ORDERED that Defendant Mid-America Apartments, LP's Motion for Judgment on the Pleadings [Doc. #20] be DENIED. IT IS FURTHER ORDERED that Plaintiff Ricardo Rowland's Motion for Partial Judgment on the Pleadings [Doc. #22] be DENIED.

This the 15th day of October, 2018.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge