IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICARDO ROWLAND and ) | | |
| KENNETH SPURLOCK, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | 1:18CV43 | |
| v. ) | | |
| ) | | |
| MID-AMERICA APARTMENTS, LP ) | | |
| d/b/a COLONIAL GRAND AT ) | | |
| RESEARCH PARK and THE ) | | |
| PRESERVE AT BRIER CREEK, ) | | |
| ) | | |
| Defendant. ) | | |

**FINAL ORDER**

This matter comes before the Court on Plaintiffs Ricardo Rowland and Kenneth Spurlock's unopposed motion for final approval of class action settlement and Class Counsel's fee application and request for approval of a service award. Having considered the written submissions and after hearing oral argument at the fairness hearings on August 11, 2020, the Court hereby grants Plaintiff's unopposed motion for final approval of the parties' settlement and grants Class Counsel's fee application and request for service award to the Class Representative. The grounds supporting these rulings follow.

**BACKGROUND**

1. This class action was originally filed by Plaintiff Ricardo Rowland against Defendant Mid-America Apartments, LP d/b/a Colonial Grand at Research Park. Plaintiff alleged that Defendant unlawfully charged eviction-related fees and unlawfully threatened

to charge eviction-related fees. Plaintiff sought monetary and declaratory relief for violation of the North Carolina Residential Rental Agreements Act, North Carolina Debt Collection Act, and North Carolina Unfair and Deceptive Trade Practices Act.

2. Defendant answered the complaint, denied any and all wrongdoing of any kind whatsoever, and moved for judgment on the pleadings, arguing that their charging of eviction-related fees was lawful. Plaintiff Rowland moved for partial judgment on the pleadings. This Court denied both motions.

3. In an order dated March 13, 2020, the Court preliminarily approved the Settlement Agreement, the proposed notice plan, and the Settlement Classes. Pursuant to the plan approved by the Court, notice was disseminated to the classes. As of July 23, 2020, eight Settlement Class members have opted out of the settlement and no Settlement Class Member has objected to the settlement, the proposed award of fees and expenses to Class Counsel, or the proposed service award to the class representative. The deadline to opt out or object to the settlement was May 27, 2018.

## SETTLEMENT TERMS

4. In broad brush strokes, the Settlement Agreement establishes a settlement fund of $1,100,000, and provides for non-monetary relief. Each Settlement Class member is a member of one or two classes. The Collection Letter Class is defined as "all natural persons who, at any point between December 18, 2013 and June 25, 2018 (the "Class Period"), resided in any of the Defendant's properties in North Carolina (the "Defendant's Properties") and received a written communication from the Defendant or its affiliates threatening to charge Eviction Fees or claiming that such Eviction Fees were then owed."

The Eviction Fee Class is defined as "all natural persons who, during the Class Period: (a) resided in any of the Defendant's Properties; (b) was charged Eviction Fees by the Defendant or its affiliates; and (c) actually paid such Eviction Fees."

5. Collection Letter Class members may be reimbursed $25 per letter sent to them by Defendant up to $75. Eviction Fee Class members were eligible to file claims to be reimbursed an estimated $800. Eviction Fee Class members may also be Collection Letter Class members and file claims for such benefits.

6. Under the settlement, all costs of notice and claims administration have been paid by Defendant out of the settlement fund. Court-approved fees and expenses for Class Counsel and service awards for the Class Representatives will be paid by Defendant out of the settlement fund.

7. In addition, Settlement Class members were eligible to request non-monetary relief in the form of a *Consent Motion to Set Aside Judgment for Possession Pursuant to Rule 60(b)(5) and Stipulation of Dismissal*. The consent motion allows Settlement Class members to set aside judgments entered against them by Defendant for possession of the rental property; however, Settlement Class members have the obligation of filing the motion.

## APPROVAL OF CLASS NOTICE

8. The Settlement Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Post-Notice Declarations of the Settlement Administrator, which was responsible for carrying out the notice program, the Court hereby finds that the notice was accomplished in accordance with the Court's

directive. The Court further finds that the notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. P. 23, and 28 U.S.C. § 1715.

## APPROVAL OF THE SETTLEMENT

9. The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval. The Court finds that the Settlement Administrator has received a total of 1,679 valid and timely claims, of which 936 are Collection Letter Class members and 743 are Eviction Fee Class members. Of the 743 Eviction Fee Class members, 57 Eviction Fee Class members filed claims but did not affirmatively check the box to receive benefits afforded under Section II.C.2 of the Settlement Agreement; the Court agrees that these 57 Eviction Fee Class members should receive the Eviction Fee benefits afforded under Section II.C.2 of the Settlement Agreement as these amounts will not reduce the payments to any other class member. The Court has considered the complexity, expense and likely duration of the litigation if the settlement is not approved; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of Class Counsel and the class representative; and the degree of opposition to the settlement.

10. The Court recognizes that no Settlement Class member objected to the settlement. Eight Settlement Class members have chosen to opt-out of the settlement and

by filing a valid and timely request for exclusion. Accordingly, these eight Settlement Class members shall not be bound by this Court's Order or the parties' settlement.

11. In short, the settlement is finally approved and the parties are directed to consummate the settlement in accordance with its terms.

### CERTIFICATION OF THE SETTLEMENT CLASSES

12. The Court hereby certifies the Collection Letter Class and the Eviction Fee Class. The Collection Letter Class is defined as "all natural persons, at any point between December 18, 2013 and June 25, 2018 (the "Class Period"), resided in any of the Defendant's properties in North Carolina (the "Defendant's Properties") and received a written communication from the Defendant or its affiliates threatening to charge Eviction Fees or claiming that such Eviction Fees were then owed" The Eviction Fee Class is defined as "all natural persons who, during the Class Period: (a) resided in any of the Defendant's Properties; (b) was charged Eviction Fees by the Defendant or its affiliates; and (c) actually paid such Eviction Fees."

13. Excluded from the Settlement Classes are (a) the MAA Releasees and any of their respective officers, directors, and employees; (b) any person who filed, before Final Approval, any bankruptcy proceeding; (c) any individuals who properly opt-out of the Settlement Classes pursuant to the procedures described herein; (d) the district judge presiding over this case and the judges of the United States Court of Appeals for the Fourth Circuit; (e) the spouses of those in category (d); (f) any person within the third degree of relationship of those individuals in categories (d) or (e); and (g) the spouses of those individuals within category (f).

14. Based on the record before the Court, the Court hereby finds that the Plaintiffs are adequate representatives of the Settlement Classes. In so holding, the Court finds that the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes only: the Settlement Classes, which contain hundreds of members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Classes; the claims of the Class Representatives are typical of the claims of the absent Settlement Class members; the Class Representatives and Class Counsel have and will adequately and fairly protect the interests of the Settlement Classes with regard to the claims of the Settlement Classes; and common questions of law and fact predominate over questions affecting only individual Settlement Class members, rendering the Settlement Classes sufficiently cohesive to warrant a class settlement.

15. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes.

16. The Court appoints Scott C. Harris and Patrick M. Wallace of Whitfield Bryson LLP, and Edward H. Maginnis and Karl S. Gwaltney of Maginnis Law, PLLC, as Class counsel. The Court appoints Ricardo Rowland and Kenneth Spurlock as Class Representatives.

## APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

17. The Court finds that the parties' agreement with regard to the payment of fees and expenses was not negotiated while they were negotiating the other terms of the Settlement Agreement, and that the agreement was not the product of collusion or fraud.

Instead, the amount of attorneys' fees to be paid by Defendant was proposed after the other terms of the settlement had been agreed upon.

18. The requested fee is justified under the percentage of the fund approach adopted by courts in this Circuit. *See Phillips v. Triad Guar. Inc.*, No. 1:09CV71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016) ("This Court, too, is persuaded that the percentage of the fund method, supplemented with the lodestar cross-check, is the appropriate means by which to determine an award of attorneys' fees in this case."); *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05CV00187, 2007 WL 119157, at *1 (M.D.N.C. Jan. 10, 2007) ("On the question of attorneys fees, the Court finds that in a common fund case such as this, a reasonable fee is normally a percentage of the Class recovery.")

19. This fee represents thirty-three percent (33%) of the total benefit to the Settlement Classes. In approving the requested fee, the Court has considered the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. All of these factors either support the fee requested here or are neutral.

20. The requested fee is also supported by a lodestar analysis. Class Counsel report that they have already recorded a combined total of more than 1,317.9 hours having a value in excess of $534,836.50, and that they will incur additional time before the case is finally concluded. The Court finds that the time and hourly rates are reasonable.

21. Class Counsel have provided declarations specifying that they have incurred $17,194.52 in the prosecution of this litigation on behalf of the classes. The Court finds their expenses were reasonably and necessarily incurred and, as a result, Class Counsel are entitled to reimbursement for their expenses of $17,194.52, in addition to the $363,000 fee award.

## SERVICE AWARD

22. The Settlement Agreement provides that Defendant, subject to Court approval, will pay $3,500 each to Ricardo Rowland and Kenneth Spurlock (total of $7,000) for their service as Class Representatives. The Court finds that payment of the service awards are appropriate in this case in light of their work on behalf of the Settlement Classes and that no Settlement Class member has objected to the service awards. The Court hereby approves the service award, which shall be paid consistent with the parties' Settlement Agreement.

## CY PRES

23. In the event that Settlement Class members fail to cash their checks within six (6) months of mailing and remaining funds are left over, as provided in the Settlement Agreement, such that the Settlement Fund has a positive balance, all remaining amounts in the Settlement Fund shall be disbursed to the approved *cy pres* recipient: Legal Aid of

North Carolina. The Claims Administrator is ordered to provide a report to Class Counsel of all money in the Settlement Fund left undisbursed within fifteen (15) calendar days after the 6-month period has elapsed.

A judgment will be entered contemporaneously with this Order.

SO ORDERED, this the 11th day of August, 2020.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge